UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VINCENT E. PRICE,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General of the United States,

    Defendant.

CASE NO. C06-426-JCC

ORDER

This matter comes before the Court on Defendant's Motion to Dismiss and/or for Summary Judgment (Dkt. No. 17), Plaintiff's Opposition thereto (Dkt. No. 20), and Defendant's Reply (Dkt. No. 21). Having reviewed the materials submitted and found that oral argument is not necessary, Defendant's motion is GRANTED for the reasons set forth below.

## I.   BACKGROUND: FACTS AND ALLEGATIONS

Plaintiff alleges that his employer, the U.S. Bureau of Prisons ("BOP"), discriminated against him based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16(a), 2000e-2(a). (Compl. (Dkt. No. 1).) Plaintiff is an African-American correctional officer who had taken a demotion from a GS-9 position to a GS-7 position when he transferred from the Federal Bureau of Prisons in Atwater, California to the Federal Detention Center in SeaTac, Washington in March of

ORDER – 1

2003. Plaintiff's transfer was a result of his personal medical needs. (Pl.'s Opp'n Ex. A.) It is undisputed that his demotion properly occurred pursuant to BOP policy, which limits lateral transfers above level GS-7 because they are bargaining unit positions, and can only be filled when there are vacancies. In March of 2003, there were no vacancies at the GS-8 or GS-9 levels. In February of 2005, Plaintiff applied for a non-competitive upgrade to level GS-8. (*Id.* Ex. D.) Officers who are demoted as a result of, *inter alia*, reinstatement or transfer, can apply for non-competitive promotions, wherein they bypass the usual merit ranking system and may be directly considered for promotion when there is a vacancy. (*See* Def.'s Mot. Ex. E (BOP promotion manual, Ch. 3, § 335.1(6)).) Defendant denied Plaintiff's request, stating that there were no openings at that time. (Pl.'s Opp'n Ex. D.)

However, in May of 2005, a GS-8 vacancy announcement was issued. Plaintiff applied for one of the new GS-8 openings and he was automatically selected pursuant to the non-competitive upgrade exception procedure. (Def.'s Mot. Ex. J.) Plaintiff is currently a GS-8 Senior Officer Specialist.

Plaintiff initiated contact with BOP's EEO office on March 7, 2005, and on April 15, 2005, Plaintiff filed a complaint with the EEO office alleging both reprisal and racial discrimination because his February 2005 application for promotion was denied, while a white employee allegedly had been promoted in similar circumstances several months earlier. (Def.'s Mot. Ex. H (EEO Complaint).) The complaint also alleged that the Captain who refused to submit his request for re-promotion, Bruce Conger, had directed a racial epithet towards him in 1997 or 1998. (*Id.*)

While an EEO investigation occurred, it appears that no final agency action was taken. Accordingly, pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff was entitled to file this action after waiting at least 180 days after filing his initial charge. Plaintiff then filed the instant lawsuit on March 28, 2006, alleging racial discrimination but not reprisal. (Pl.'s Compl. (Dkt. No. 1).) Plaintiff has presented no evidence of reprisal, and no reprisal claim is at issue here, despite its inclusion in the EEO complaint.

In the instant case, Plaintiff alleges that Defendant's reason for the denial of his promotion application—lack of vacancies—is a pretext for discrimination, and that Defendant denied his application

ORDER – 2

because of Plaintiff's race. Defendant now moves (1) for summary judgment on the discrimination claim related to the non-promotion in February 2005; and (2) to dismiss all other claims for failure to exhaust administrative remedies. Plaintiff opposes dismissal of any claims.

## II. ANALYSIS

### A. Legal Standards

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250. In order to defeat a motion for summary judgment in an employment discrimination case, the nonmoving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

Failure to follow statutory filing requirements may be a bar to the sufficiency of a claim, as in the case of timely filing a Title VII lawsuit following an EEO decision. *See Zipes v. Trans World Airlines*, 455 U.S. 385 (1982) (holding Title VII's timeliness requirements subject to waiver and equitable tolling and not jurisdictional); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (applying same principles of equitable tolling of timely filing requirements to suits against the federal government as

ORDER – 3

would be applied to suits between private litigants).  Alternatively, failure to exhaust administrative remedies may be fatal to a federal court's subject matter jurisdiction altogether, as in the case of failure even to file an EEO complaint before filing a Title VII suit.  *Lyons v. England*, 307 F.3d 1092, 1103–04 (9th Cir. 2002).

### B. February 2005 Non-Promotion

Title VII prohibits discrimination based on "race, color, religion, sex, or national origin" against federal employees.  42 U.S.C. § 2000e-16(a).  The *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework governs race discrimination cases.  Under *McDonnell Douglas*, Plaintiff can survive summary judgment only if he meets his initial burden to set forth a prima facie case of unlawful discrimination.  411 U.S. at 802.  To make out a prima facie case of discrimination under Title VII, a plaintiff must show that (1) he or she is a member of a protected class, (2) he or she was performing according to his or her employer's legitimate expectations, (3) he or she was subject to an adverse employment action, and (4) similarly situated individuals outside the protected class were treated more favorably.  *See id.* at 802.  The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reasons for any adverse actions taken.  *Id.*  If the employer meets this burden, the presumption created by Plaintiff's prima facie case of unlawful discrimination "'simply drops out of the picture.'"  *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).  After Defendant meets his or her burden and the presumption disappears, the burden shifts back to Plaintiff.  At this next stage, in order to survive summary judgment under the *McDonnell Douglas* framework, Plaintiff must produce sufficient evidence to raise a genuine issue of material fact as to whether Defendant's proffered nondiscriminatory reason is merely a pretext for discrimination.  *Wallis*, 26 F.3d at 890.  There are two ways Plaintiff may show pretext—either (1) directly, "by showing that unlawful discrimination more likely motivated the employer" or (2) indirectly, "by showing that the employer's proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable."  *Dominguez-Curry*, 424 F.3d at 1037;

ORDER – 4

*see also Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

In proffering evidence on summary judgment, an employee's evidence may be either direct or circumstantial. *Desert Palace*, 539 U.S. at 101–02. Direct evidence is that, which, "'if believed, proves the fact [of discriminatory animus] without inference or presumption.'" *Dominguez-Curry*, 424 F.3d at 1038 (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1999)). When an employee relies on *circumstantial* evidence, which requires an inferential step, such circumstantial evidence must be both *specific* and *substantial*. *Id.* Plaintiff relies on circumstantial evidence in this case, so he must produce specific and substantial evidence in opposing summary judgment.

### 1.  Prima Facie Case

Plaintiff clearly makes out the first two elements of his prima facie case. It is undisputed that Plaintiff is African-American. Therefore, he is a member of a protected class. It is similarly undisputed that Plaintiff was performing according to his employer's expectations. In particular, the Court notes Plaintiff's rating as "Excellent" (Pl.'s Response Ex. E) and his subsequent promotion to a GS-8 position in 2005 in which he bypassed the usual merit-selection process.

However, as to the third element, Plaintiff cannot show that he was subject to an adverse employment action. Plaintiff applied for a promotion when there were no vacancies, and was told to re-apply when there were openings. The denial of his application cannot be considered an adverse employment event because there was no position available for him to obtain. *See*, *e.g.*, *Burdine*, 450 U.S. at 253. Therefore, Plaintiff fails to establish the third element of his prima facie case.

Plaintiff's prima facie case fails on the fourth element as well, because he cannot show that similarly situated individuals outside his protected class were treated more favorably. Plaintiff alleges that he was not promoted in February of 2005 because of his race, but Plaintiff does not allege that any other employees were promoted despite there being no vacancies. Plaintiff does allege that an employee named Kathy Williams was able to transfer in at level GS-8 sometime between March of 2003 and March of 2005. However, any comparison to Ms. Williams is off point. First, Plaintiff fails to present any evidence

ORDER – 5

that her transfer was a "promotion." Instead, it was a lateral move. As such, it is not relevant to Plaintiff's non-promotion claim. Second, Plaintiff does not challenge the transfer policy to which he was subjected or argue that it was improperly or disparately applied to him in 2003. In fact, he acknowledges that his demotion upon transfer was proper under BOP policy. Moreover, Plaintiff presents no evidence to show that Ms. Williams was allowed to transfer at level GS-8 without a vacancy. Therefore, Plaintiff has not made any showing that Ms. Williams was granted an exception to the policy that governed Plaintiff's own transfer[1] and he cannot rely on facts regarding Ms. Williams to show more favorable treatment regarding promotions. Because Plaintiff fails to show that any similarly situated individuals outside his protected class were treated more favorably with respect to promotions or re-promotions, his prima facie case fails on the fourth element as well.

### 2. Pretext

The foregoing weaknesses in Plaintiff's prima facie case notwithstanding, even if the Court could find that Plaintiff had made out a prima facie case, thereby shifting the burden to Defendant, Defendant has articulated a legitimate, non-retaliatory reason for its allegedly adverse employment action. To survive summary judgment, therefore, Plaintiff must raise a genuine issue of material fact that would show that Defendant's reason was pretextual. Specifically, Plaintiff may show pretext indirectly, by raising a genuine issue of material fact that could show at trial that Defendant's "proffered explanation is unworthy of credence" or directly, by raising a genuine issue of material fact that could prove at trial that unlawful discrimination "more likely" motivated Defendant. Plaintiff cannot meet this burden.

Defendant's given reason for denying Plaintiff's request for a promotion is that there were no vacancies available in February of 2005 when Plaintiff requested a promotion. Plaintiff alleges that this

---

[1] Furthermore, Plaintiff never filed an EEO complaint regarding his 2003 transfer and the EEO complaint he did file two years later discussed promotion and "re-promotion" but not transfers. Accordingly, under the standard set forth *infra* section II.C, Plaintiff also failed to exhaust any claim he may have had with respect to comparing Ms. Williams's transfer to his own 2003 transfer.

ORDER – 6

reason is pretext, but proffers no evidence to support this assertion. Mere conclusory allegations are insufficient to show pretext. Defendants' given reason is a rational explanation for such a decision, and Plaintiff has offered no evidence that the explanation is unworthy of credence.

Thus, the Court finds that even when all the evidence is viewed in the light most favorable to Plaintiff, he simply cannot show pretext. Because no genuine issue of material fact exists as to Plaintiff's discrimination claim based on his non-promotion in February of 2005, it shall be DISMISSED.

### C. Incidents Prior to 2005

Plaintiff references multiple instances of alleged discrimination that occurred prior to 2005. First, Plaintiff alleges that the Captain who refused to submit Plaintiff's request for re-promotion, Bruce Conger, had used ethnic slurs in 1997 and 1998, when Plaintiff had previously worked at the Federal Detention Center in SeaTac. (Def.'s Mot. Ex. A. at 10.)  Second, as discussed *supra* subsection II.B.1, Plaintiff alleges that although both he and another African-American employee were told that they were not allowed to transfer as a GS-8 or GS-9, a white employee (Kathy Williams) did transfer in as a GS-8. (*Id.*) Third, Plaintiff alleges that other GS-7 candidates applied for non-competitive promotions and received them, even though there were no vacancies at the time. Fourth, Plaintiff alleges that he applied to vacant GS-8 positions in 2003 and 2004, and was not promoted despite the fact that he was allegedly more qualified than the candidates who were chosen for promotion.

As noted *supra*, failure to file an EEO claim at all is fatal to subject matter jurisdiction under *Lyons*, 307 F.3d at 1103–04. Moreover, while some of the foregoing incidents are referenced in Plaintiff's 2005 EEO complaint, they are still subject to general exhaustion requirements. The exhaustion procedures for federal employees are found in the Code of Federal Regulations. These rules require a person alleging discrimination to contact an EEO officer within 45 days of the alleged discriminatory activity or personnel action. 29 C.F.R. § 1614.105(a). Within 30 days thereafter, the officer must inform the aggrieved person that he or she has another 15 days in which to file a formal complaint. 29 C.F.R. § 1614.105(d), .106(b). Failure to follow these procedures, either by failing to contact the EEO office or

ORDER – 7

by failing to file an EEO complaint, precludes a subsequent discrimination lawsuit. *Lyons*, 307 F.3d at 1103–04; *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994).

    Plaintiff failed to timely visit the EEO office or file a timely EEO complaint for any of the incidents prior to February of 2005.  Therefore, the Court finds that Plaintiff failed to exhaust his administrative remedies for any claims based on incidents prior to February of 2005.  Further, Plaintiff has clarified that this suit only relates to the non-promotion in February of 2005.  (Pl.'s Opp'n 2.)  Nevertheless, to the extent that such claims could be part of this lawsuit, the Court finds that because Plaintiff failed to exhaust his administrative remedies as to all incidents prior to Plaintiff's non-promotion in February of 2005, all such claims shall be DISMISSED.

### III. CONCLUSION

    For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment on Plaintiff's claim related to his non-promotion in February of 2005 and GRANTS Defendant's Motion to Dismiss all claims related to alleged incidents prior to February of 2005.  The July 9, 2007 trial date in this matter is hereby STRICKEN and the Clerk is DIRECTED to CLOSE this case.

    SO ORDERED this 14th day of June, 2007.

John C. Coughenour
United States District Judge

ORDER – 8